Mr. Edward Badgett Assistant City Manger City Hall 500 W. Markham Little Rock, Arkansas 72201
Dear Mr. Badgett:
This is in response to your request for an opinion on whether the City of Little Rock's decision to release certain records in your personnel file, in response to a request from a newspaper reporter, is consistent with the Arkansas Freedom of Information Act ("FOIA" or "act") codified at A.C.A. §§ 25-19-101 to -107 (1987 and Cum. Supp. 1993). Specifically, you have enclosed a copy of the FOIA request from the reporter to the City, in which access is sought to "any documents, (letters, memos, evaluation forms, etc.) that relate to Ed Badgett's departure as a city employee." Also requested are documents relating to any compensation you will receive in addition to your regular paycheck, and the beginning and ending dates of your probationary period.
The City has responded by letter to you dated August 2, 1995, stating that it will excise under A.C.A. § 25-19-105(b)(10) (the exception for personnel records the release of which would constitute a "clearly unwarranted invasion of personal privacy") the background investigation conducted on you when you were first being considered for employment, telephone numbers, social security numbers, address "etc." The City also states that it will not release medical records. The balance of your personnel file will presumably be disclosed. With regard to employee evaluation and job performance records, the City states that such documents "are open to public inspection only if, upon final administrative resolution of any suspension or termination proceedings, they form the basis of the decision to suspend or terminate." The City states that "[c]onsequently, for the present, these documents normally contained in your personnel file will not be disclosed. Of course, any suspension letter already in your file and any job performance records which form the basis of earlier actions will be released."
I have not been provided with the records in question. It is therefore impossible for me to make a conclusive determination with regard to the release of any particular records. I can, however, in general terms, offer my conclusions as to the compatibility of the City's decision with the act.
With regard to the City of Little Rock's decision to excise your social security number and medical records from your personnel file prior to disclosure, it is my opinion that such action would be consistent with the FOIA. Section 25-19-105(b)(2) of the FOIA specifically exempts medical records, whether or not contained in a personnel file, from public disclosure. Additionally, this office has stated in previous attorney general's opinions that social security numbers should be excised from personnel records prior to release of the remainder of the records. See, e.g., Op. Att'y Gen. No. 93-055.
With regard to the City's intention to excise your telephone number and address from your personnel file prior to its release, it is my opinion that this decision may be contrary to the FOIA if the phone number and address are ones listed in a directory service. If, however, the address is unlisted or is protected by a court order, it is not subject to public disclosure and a decision to excise it from the personnel file would be consistent with the FOIA. See Op. Att'y Gen. Nos. 93-131; 90-335 (defining "unlisted number" as one that the individual in question has requested not to be given out through directory services).
As to the pre-employment background investigation which the City of Little Rock intends to excise from your personnel file prior to its disclosure, I am unable to offer a definitive response as to whether this decision is consistent with the FOIA because I do not know what information is contained in the background investigation report. It is my opinion, however, that the investigation report would be considered a "personnel record" for purposes of the FOIA and that the city's blanket denial of access to this record may be inconsistent with the FOIA. Personnel records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy."See A.C.A. 25-19-105(b)(10). Thus, the appropriate procedure for the city to follow with respect to the background investigation is to delete any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) and make the remainder of the investigation available for inspection and copying.
In my opinion, the salary and financial records requested are generally subject to disclosure. This office has previously opined, however, that documents related to insurance coverage, tax withholding, and payroll deductions should be excised from otherwise releasable documents. See
Ops. Att'y Gen. 94-235 and 91-093.
The last category of documents the City mentions in its letter is "employee evaluation or job performance records." The City states that these records are open to public inspection only if, upon final administrative resolution of any suspension or termination proceeding, they form the basis of the decision to suspend or terminate. This is almost a correct statement of the law. Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A.25-19-105(c)(1). All of these factors must be present in order for the records to be disclosed. This office has opined in previous attorney general's opinions that a letter of recommendation of termination, letters of reprimand and other disciplinary records are "job performance records." See Op. Att'y Gen. Nos. 91-324, 91-303.
It is my understanding that your employment with the City of Little Rock has been terminated. It is also my understanding that no administrative remedies are available to you, as a probationary employee. Thus, if the City is in possession of documents which "formed a basis" for the decision to terminate you, these documents are subject to public disclosure if there is a "compelling public interest" in their disclosure (a part of the test omitted from the City's letter). See A.C.A. §25-19-105(c)(1).
With regard to the existence of a `compelling public interest' in disclosure, it has been stated by a recognized commentator on the FOIA that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]" J. Watkins, TheArkansas Freedom of Information Act 135 (2d ed. 1994). Professor Watkins notes that "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. He also notes that "[t]he status of the employee — or, perhaps more precisely, his rank within the bureaucratic hierarchy — may also be relevant. . . . As a practical matter, courts may be more likely to find [a compelling public interest] when a high-level employee is involved than when the evaluations of `rank-and-file' workers are at issue." Id. at 136. As also pointed out by Professor Watkins, however, "a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137.
It is my opinion that a court would in all likelihood find a "compelling public interest" in disclosure of records relevant to your termination with the City. It is my understanding that your position is the second highest salaried position within Little Rock City government. It is my opinion in light of this factor that the balance must tip in favor of public disclosure. The nature of the problem that lead to the termination is unknown to anyone who does not have access to the records, and thus cannot be considered by this office as a factor in determining the existence of a "compelling public interest." Presumably, a court could review such documents in camera in order to evaluate this factor.
One additional point should be discussed with regard to these records. The City has stated that "for the present" these employee evaluation and job performance records will not be disclosed. I assume that because there are no administrative remedies available to you, this conclusion refers to the fact that although you have been terminated, your last day of work is not until August 11, 1995. I assume, therefore, that the City does not consider your termination effective until that date. It is my opinion, if this assumption is correct, that the City is justified under the act in withholding access to the records until your termination is effective.
Finally, I should note that the release of certain records, even if authorized by the Arkansas FOIA, may give rise to a constitutional right to privacy claim under the Fourteenth Amendment to the United States Constitution. Not having reviewed the records in question, I cannot make a determination as to whether this provision is implicated. The test for such claims is set out in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989), and is discussed in Op. Att'y Gen.93-356. The custodian should be guided by these sources when making determinations in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh